## STATE v. STUART.

1. **Forgery**: INDICTMENT. An indictment which, in substance, alleges that the defendant falsely, feloniously, and with intent to defraud, made a negotiable promissory note for $600, to which, as maker, the name of L. was attached, setting out a copy of the note, is not vulnerable to the objection that it does not allege facts constituting an offense.

*Appeal from Chickasaw District Court.*

SATURDAY, JUNE 9.

An indictment was presented against the defendant, the charging part of which is as follows: "The said J. A. Stuart, on the twenty-first day of February, 1878, in the county aforesaid, did falsely, feloniously, and fraudulently, make and forge a certain negotiable promissory note, which said false and forged note is as follows: (Here follows an exact copy of a negotiable promissory note for $600, signed by Wm. Larrabee and two others); and that defendant did falsely and fraudulently make and forge, as aforesaid, said promissory note then and there, with intent to defraud, contrary to the statute, etc."

The defendant demurred to the indictment on the following grounds:

"*First.* That there is not embraced or contained in said indictment any statement of facts constituting the offense.

"*Second.* That defendant herein is charged with forgery, which is a legal conclusion from facts, and there are no facts alleged which constitute a complete offense.

"*Third.* That it states the crime in the words of the statute only, and the statute does not define the offense."

The court sustained this demurrer and discharged the defendant.    The state appeals.

*Smith McPherson, Attorney-general,* for the State.

No argument for appellee.

DAY, CH. J.—It is not true that the indictment states a mere legal conclusion, and does not charge the facts.    The indictment in substance alleges that the defendant falsely, feloniously and with intent to defraud, made a negotiable promissory note for $600, to which as maker the name of Wm. Larrabee was attached.    A copy of the note thus made is set out in full.    We do not see how the material facts could have been more fully stated.    That the indictment is a good one, see 2 Bishop on Criminal Procedure, § 401; 2 Archbold's Criminal Practice and Pleading, 799.

The court erred in sustaining the demurrer.

REVERSED.