THE STATE v. HART.

1. **Criminal Law**: DISCHARGE OF GRAND JURY AS ILLEGALLY DRAWN: INDICTMENT BY SECOND GRAND JURY: MOTION TO QUASH BECAUSE FIRST JURY WAS ILLEGALLY DISCHARGED. A defendant held to answer to a criminal charge had challenged the grand jury on the ground that it was illegally drawn, and the challenge was sustained and the jury discharged, and another jury was summoned and impaneled as prescribed by Code, § 244. The defendant in this case was indicted by the second grand jury, and he moved to quash the indictment on the ground that the first jury was illegally discharged and, consequently, that the second one was illegally drawn. *Held* that the order discharging the first jury could not thus be collaterally attacked.

2. ——: EVIDENCE OF MORAL CHARACTER OF WITNESS: WHO COMPETENT TO TESTIFY TO. A witness who showed that he had known defendant for many years—ever since he was a small boy—was competent to testify to his moral character as a test of his credibility as a witness. Code, § 3649.

3. ——: ——: LIMIT AS TO TIME: INSTRUCTION: ERROR WITHOUT PREJUDICE. If an instruction directing the jury that the character and reputation of a witness in the community where he resides, *or has resided*, may be considered for the purpose of testing his credibility is erroneous, in that it does not limit the evidence to places where the witness has resided *recently*, yet, since all the witnesses testifying to defendant's bad moral character in this case testified that they had known him for a great many years, and up to the time of the trial, and lived in the county of his residence, *held* that the error in the instruction, if any, was without prejudice to defendant, and no ground for reversal.

4. ——: FORGERY: INDICTMENT: NAME OF PERSON DEFRAUDED. An indictment for forgery need not allege the name of the person to whom the forged instrument was uttered. Code, § 4313. *State v. Stuart*, 61 Iowa, 203, followed.

*Appeal from Cass District Court.*

TUESDAY, OCTOBER 20.

DEFENDANT was indicted and convicted of the crime of forgery. He now appeals to this court.

*E. Willard* and *L. L. De Lano,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

BECK, CH. J.—I. The defendant moved to set aside the indictment for the reason that the grand jury finding it had not been drawn in the manner prescribed by law. The facts upon which the motion was based are these: A defendant held to answer to a criminal charge had challenged the grand jury on the ground that it was illegally drawn, in that the lists of grand jurors had been compared with a transcript of the poll-books, and not with the poll-books themselves. See Code, § 240. Upon the consideration of the challenge, the district court sustained it, deciding that the jury had not been lawfully drawn, and discharged the grand jury, and another was summoned as prescribed by Code, § 244. Defendant was indicted by the grand jury summoned in the place of the one discharged. He now insists that the first grand jury was illegally discharged, and that the second was therefore unlawfully impaneled.

*1. CRIMINAL law: discharge of grand jury as illegally drawn: indictment by second grand jury: motion to quash because first jury was illegally discharged.*

II. The question of the illegal impaneling of the second jury depends upon the correctness of the decision of the court in discharging the first. If that dicision was correct, then the second was lawfully impaneled. It will be held by the law as correct until it is lawfully set aside or reversed. But that cannot be done in a collateral proceeding, and the motion of defendant to quash the indictment is of such a proceeding. We must keep in view the exact facts. Defendant by his motion does not directly assail the decision under which the first jury was discharged; he attacks the order of the court impaneling the second, which he claims was irregular because there was another lawful jury, the first one, or because the decision under which it was discharged was erroneous. He thus, in fact, assails the first order in a collateral proceeding. We need not inquire whether defendant could, under the provisions of the law, assail in any manner the order for the discharge of the first jury. If the statute makes no provision for such a proceeding, we cannot supply the omission. The impediment in the way of the

administration of the criminal law, which would arise in case
defendant's position is sound, would obviously result, in many
cases, in the defeat of justice.   The order of the court dis-
charging the grand jury would come up for review in all
cases wherein indictments should be found by the second
grand jury, thus making the administration of justice uncer-
tain.   The objection urged by defendant is not commended to
us by any showing, or even allegations, of prejudice or possible
injustice resulting to defendant by reason of the fact that the
indictment was found by the second grand jury.   And we
cannot imagine any special prejudice that would result to
him therefrom, or that the fact in any manner would work
injustice.   The courts, we think, are beginning to turn their
faces from all technical objections made in criminal cases,
and from all complaints of irregularities and non-compliance
with forms from which no prejudice or injustice could result
to the accused.   It is well that this disposition now exists,
and it is to the discredit of the administration of the law that
it has not been exhibited in years gone by.

III.   A witness who has known defendant well, and has
resided in the town where he was raised, testified, in response
2. ——— : evi-  to a proper question, that his general moral char-
dence of mor-  acter was bad.   This evidence was objected to on
al character
of witness:    the ground that it was "incompetent, immaterial,
who compe-
tent to testify  and not rebutting;" and that the impeaching wit-
to.            ness must show—which was not done in this case—that he
knew the reputation of the witness in the neighborhood
where he resided.   The Code, § 3649, provides that "the
general moral character of the witness may be proved for the
purpose of testing his credibility."   The evidence in ques-
tion is competent and material under this provision.

IV.   If the word "character" used in the section quoted
means reputation, we are authorized to believe that the wit-
ness used the word in that sense.   Indeed, it is commonly so
used in conversation.   The witness shows that he had known
defendant well for many years,—ever since he was a small

boy; inferentially showing that he was acquainted with defendant's "character" or "reputation" among his neighbors.

V. An instruction of the court directed the jury that the character and reputation of a witness in the community "where he resides, or has resided," may be considered "for the purpose of affecting his credibility." This instruction is objected to on the ground that it permits evidence of reputation in all communities where the witness has resided. Evidently, if the evidence is confined to a recent period, it is competent, and the instruction, probably, ought to have been so limited. If the instruction is erroneous in this respect, the witnesses impeaching defendant all show that they knew defendant well for a great many years, and up to the time of trial, and lived in the county of his residence. No prejudice, therefore, could have resulted to defendant from the error in the instruction, if there be error in this regard.

*3. ———: ———: limit as to time: instruction: error without prejudice.*

VI. It is next insisted that, as the indictment does not show to whom the forged paper was uttered, the conviction cannot be supported. But the objection was not made except upon a motion in arrest, and no question was made as to the party to whom the paper was uttered. He was the party defrauded by the forgery, and it was not necessary to set out his name in the indictment. Code, § 4313. See *State v. Maxwell*, 47 Iowa, 454. This court has held that an indictment for forgery which fails to allege the name of the person to whom the forged instrument was uttered is good. *State v. Stuart*, 61 Iowa, 203.

*4. ———: forgery: indictment: name of person defrauded.*

VII. We are of the opinion that the evidence sufficiently supports the conviction.

The foregoing discussion disposes of all questions in the case.

Affirmed.