THE STATE OF IOWA V. HENRY J. PRINS, Appellant.

**Forgery:** OTHER ALLEGED FORGERIES: *When not admissible to prove intent.* In a prosecution for forgery, similar documents claimed to be forged are not admissible to prove intent, when it is not 2 shown that persons whose signatures were claimed to be forged thereto did not authorize such signing.

SAME: *Instructions.* Where similar documents, claimed to be 3 forged by accused, are admitted to show intent, the jury should be instructed not to consider them unless they found them to be forgeries.

**Challenge of Juror:** HARMLESS ERROR. Accused was not prejudiced by the exclusion of a juror on his voir dire who was unques-1 tionably disqualified, though the state's challenge did not specify the facts constituting cause, as required by Code, section 5360, there being but one ground of disqualification developed on the voir dire.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, JANUARY 22, 1901.

THE defendant was indicted, tried, and convicted of the crime of forgery, and from the judgment of imprisonment and for costs he appeals.—*Reversed.*

*Hatley & Irwin* for appellant.

*Milton Remley,* Attorney General, and *P. D. Van Osterhout,* for the State.

GIVEN, C. J.—I. John Synhorst was examined as to his qualifications to sit as a juror, and at the conclusion of his examination Mr. Orr, for the state, announced, "The juror is challenged for cause." Mr. Heatley, for the defendant, announced, "The defendant resists the challenge." The challenge was sustained, and the defendant excepted. Defendant complains of this ruling on the ground that the challenge did not "distinctly specify the facts constituting the cause thereof," and cites *State v. Munchrath,* 78 Iowa, 270. In that case some of the challenges were as follows: "The defendant challenges the juror on his answer for cause." We said: "It was the duty of the defendant to distinctly specify which of the several facts disclosed by the answers he relied upon as a cause for challenge." We further said: "We do not hold that the facts constituting the cause of challenge should be stated in the language of the statute, but we do hold that the challenge should show with reasonable certainty the ground upon which it is based." Section 5360 of the Code provides that "a challenge for cause may be made by the state or the defendant, and must distinctly specify the facts constituting the cause thereof." Following this, 15 causes for challenge are enumerated, the eleventh being, "Having formed or expressed such an opinion as to the guilt of innocence of the prisioner as would prevent him from rendering a true verdict upon the evidence submitted on the trial." In the cited case several facts were disclosed and relied upon as cause of chal-

lnge, while in this the only fact disclosed is a disqualifying
opinion, such as fully warranted the court in holding the
juror to be disqualified. The examination in this case being
exclusively as to the one fact, and only that one being dis-
closed, there could be no misapprehension as to the fact con-
stituting the cause for the challenge. In the cited case the
challenge was by the defendant, and, being overruled, he
was compelled to proceed with the jurors challenged on the
panel. In this case the challenge was by the state to a juror
who was unquestionably disqualified, and the challenge was
sustained. Surely this defendant was not prejudiced by the
ruling. He was not compelled to proceed with a juror on
the panel whose qualification was questioned, nor to be tried
by jurors the qualification of any of whom was questioned.
This contention of the appellant is purely technical, and the
ruling was without prejudice, Under section 5462 of the
Code we are required to "examine the record, without regard
to technical errors or defects which do not affect the substan-
tial rights of the parties." There was no prejudicial error
in sustaining the challenge.

II. J. Wragg, Sons & Co., a corporation, were en-
gaged in the nursery business, the defendant being one of
their agents for the sale of nursery stock, and as such agent
was furnished with order blanks and weekly reports by the
company. The instrument charged to have been forged by
the defendant is one of these orders for nursery stock, pur-
porting to be executed by A. Peelen. The state pro-
duced two similar orders; one purporting to be exe-
cuted by Jan Schut, and the other by A. L. Roetman.
Two witnesses familiar with the handwriting of the defend-
ant testified that the signatures "Jan Schut" and "A. L.
Roetman" were in the handwriting of the defendant. Jan
Schut testified that he never bought anything from the de-
fendant, and that he did not sign the order. He also testi-
fied that he had a son named Jan living at Pipestone, Minn.,

and a nephew named Jan Schut living in New Kirk. As to the Roetman signature to order it was shown that the signature was not in the handwriting of Roetman, but in the handwriting of the defendant, and that Roetman had removed from the county. This evidence and these orders were admitted in evidence over defendant's objection, the court saying, "They may be admitted for the simple purpose of showing the intent." "On a prosecution for forgery, evidence of other similar forgeries is admissible for the purpose of showing the defendant's guilty knowledge and intent." 13 Am. & Eng. Enc. Law (2d ed.) 1109; *State v. Saunders,* 68 Iowa, 370; *State v. Jamison,* 74 Iowa, 614. Appellant's counsel say: "Such evidence is not admissible until the state has first proven that they are forgeries, and that defendants had culpable connection therewith." They insist that these orders are not shown to be forgeries, for that there are other Jan Schuts than the one examined, that he does not say that he did not authorize the signing of his name, and there is no evidence that Roetman did not authorize the signing of his name. There orders are of no value as evidence of guilty knowledge or intent unless they are shown to be forgeries. But who is to determine whether this is shown? Surely it must be the jury. When there is evidence from which the jury may find that they are forgeries, and that the defendant had culpable connection therewith, they are admissible in evidence; but, if admitted, the jury should be instructed not to consider them unless they found them to be forgeries. Concede that the jury might have so found as to the Schut order, they could not so find as to the Roetman order. There is no evidence whatever that it was not signed by authority of Roetman. A conviction of the defendant for forging the Roetman order on this evidence could not be sustained. Therefore it was error to admit it in evidence.

III. The court instructed as follows: "Par. 4. If you find the order in question was made by the defendant

without authority, then you will proceed to determine his intent in so making said order. The indictment charges that it was made with intent to defraud, and this the state must prove. The intent with which the act was done is not always capable of direct proof, and it is generally shown by and derived from the facts and circumstances attending the doing the act. There have been admitted for your consideration in determining such intent the Exhibits D, E, F, and G, and the testimony relating to such exhibits tending to show they were falsely made by the defendant. These exhibits and tstimony relating to them are not to be considered in determining whether Exhibit C was made without authority, but if you find Exhibit C was made by defendant falsely, and without authority, then they are to be considered, with all the other facts and circumstances in evidence, in determining the defendant's intent in falsely making the order Exhibit C set out in the indictment." The jury was left to consider these orders, regardless of whether it found them to be forged or not. This was error prejudicial to defendant. Other alleged errors are not such as are likely to arise on another trial. For the errors pointed out, the judgment is REVERSED.