STATE OF IOWA v. A. I. DEXTER, Appellant.

**False Pretenses:**  EVIDENCE OF OWNERSHIP.  Defendant purchased machinery on credit, representing that he owned certain live stock.  On such machinery and stock being attached for such purchase price defendant's wife made affidavit that he had executed a bill of sale of such machinery "and other property" to her at a date subsequent to such purchase.  *Held*, in a prosecution for obtaining the machinery under false pretenses, that such affidavit was not evidence, that defendant owned the stock at the date of the bill of sale.

PRESUMPTIONS.  Proof of ownership of a chattel at a certain time is not proof of ownership at a prior time.

*Same.*  In a prosecution for obtaining goods on credit under false pretenses by defendant in representing that he owned certain stock, testimony of his statements, that the stock belonged to his wife and of her statements in his presence that she owned it, is admissible.

*Same.*  In a suit against defendant, a heifer was attached as his property.  His wife testified in his presence that it was hers, raised by her from her cow.  *Held*, in a prosecution for obtaining goods by falsely representing that defendant owned it, proof of such testimony of his wife was admissible.

*Same.*  Where on the trial for obtaining goods by falsely representing that he owned certain cattle there is evidence that in a civil suit defendants wife, in his presence testified that the cattle were always hers, and defendant is hard of hearing, the questions whether he heard such testimony is for the jury.

*Character evidence.*  Where defendant is accused of obtaining goods by false pretenses, he may prove his character and general reputation in the community of his residence with respect to the traits involved, but cannot go into details.

*Like offences.* Where, in a prosecution for obtaining goods under false pretenses evidence is offered that defendant obtained goods from others than complainant on the same representations, the admissibility of such evidence in the first instance does not depend on its sufficiency to establish guilt of a like offense; but if, when all in, it does not tend to show such guilt, defendant should move to strike out such evidence or to instruct the jury to disregard it.

*Same.* Where defendant is accused of obtaining goods by false pretenses, evidence that he procured goods from others on the same representations is admissible.

*Privileged communications.* Where defendant is on trial for obtaining goods by falsely representing that he owned certain cattle, evidence that in a former suit his wife testified that the cattle were always hers is not objectionable under Code, section 4606, prohibiting the wife from testifying against her husband.

*Reliance.* Where defendant obtained goods by false pretenses, which he would not have obtained but for such pretenses, the offense is sufficiently shown, though other matters may have been taken into consideration.

INDICTMENT AND PROOF. Where defendant is accused of obtaining several articles by false pretenses, he may be convicted if any of such articles were so obtained.

*Same.* Where defendant is accused of obtaining goods by certain false pretenses, he may be convicted if any of the false pretenses charged are shown.

*Appeal from Hancock District Court.*—HON. C. H. KELLEY, Judge.

· THURSDAY, OCTOBER 3, 1901.

THE defendant appeals from judgment convicting him of obtaining property under false pretenses.—*Affirmed.*

*H. N. Boardman* and *Wm. H. Hughes* for appellant.

*Chas. W. Mullan,* Attorney General, and *Chas. A. Van Vleck,* Assistant Attorney General, for the State.

LADD, J.—The defendant bought a walking plow, a corn plow, a hay rake, and 60 pounds of binding twine of

Brown & Son on credit, and is accused of inducing that firm to part therewith by falsely representing himself to be the owner of five horses, seven cows and some hogs. `After this property was levied on at the suit of Brown & Son, defendant's wife caused affidavit of her ownership to be served on the constable, and this was introduced in evidence by the state. It recited that defendant had executed a bill of sale of the above machinery "and other property" to the wife on September 11, 1899, and this is said to be conclusive on the question of ownership by the husband prior to that time. But the bill of sale was not before the court, and there was no evidence that the stock concerning which the representations are alleged to have been made was included therein. Moreover, the mere fact of conveying property is not conclusive that the grantor was the owner at the time of the execution of the instrument of conveyance, nor is there any presumption of such ownership at any time earlier than the proof shows. Such status, when once established, is presumed to continue until shown to have been changed, but will not ordinarily relate back. *Sigler v. Murphy,* 107 Iowa, 128. Several witnesses testified to defendant's repeated assertions that the stock belonged to his wife, and to similar statements by her in his presence, to which he made no objection. Such evidence was clearly admissible, and the issue of ownership solely for the jury.

II. It may be, as suggested by appellant, that Brown & Son did not rely solely on the representations concerning the ownership of the stock. Other matters may have been taken into consideration. It was sufficient, however, if it appeared that but for such representations the sale would not have been made. Nor was it essential, in order to justify a conviction, that all the machinery be shown to have been obtained by

false pretenses. If any of the articles enumerated were pro-cured through that method, it was enough. Nor was it essential, in order to justify a conviction, that all the false pretenses charged be proven. *State v. Chingren,* 105 Iowa, 169.

III. It seems that one Castle caused a heifer to be at-tached, and that suit in replevin was brought by Mrs. Dexter against the constable and defendant. The record in that case is not before us, but in argument appellant asserts "that she was an antagonistic party to both the plaintiff and defendant in that case, testifying in her own behalf as to the ownership of the property." Evidence that she testified on that trial that the cattle belonged to her, that she had raised them from a heifer given her by her father five years previous, was received over defendant's objection. This was admissible, for, if not true, the defend-ant, being a party to the suit, had the opportunity to deny it on the witness stand. In *Kelley v. Andrews,* 102 Iowa, 119, the husband was not a party to the garnishment proceedings. True, he was the judgment defendant, but that gave him no control of the trial, and it was not optional with him whether he be called as a witness. Nor was the rul-ing obnoxious to section 4606 of the Code, prohib-iting the wife from testifying, save in specified pro-ceedings, against the husband. She was not called to the witness stand, and the inquiry concerning what she had said on another trial was for the sole purpose of showing defend-ant's acquiescence in her claim to the property by failing to assert his own. True, the defendant appeared to be somewhat hard of hearing, but he may have heard all that was said: whether he did was for the jury to decide.

IV. Evidence was received that purchases were made of others and the lease of a farm procured on precisely the same representations as made to Brown & Son. That it was admissible appears from *State v. Brady,* 100 Iowa, 191. Doubtless, as contended by appellant, the evi-dence of a similar transaction must tend to show

guilt of a like offense, and probably be sufficient, in connection with other evidence, when unexplained, to warrant a jury in so finding. This was the holding in *State v. Saunders,* 68 Iowa, 370 and *State v. Prins,* 113 Iowa, 72. But it does not follow that, as a preliminary matter, the court is to pass upon the sufficiency of such evidence. When offered, it may be admissible as tending to establish the fact, but, when all in, some of the essential elements of the crime may be lacking. In such event, the defendant's remedy is by motion to strike the evidence, or the request of an instruction that it be disregarded. No such motion was made, but the court, on its own motion, instructed that like transactions should not be considered as bearing on intent unless found to be crimes.

V. One accused of a criminal offense is permitted to prove his character and general reputation in the community of his residence with respect to the trait involved. *State v. Sterrett,* 68 Iowa, 76; *State v. Donovan,* 61 Iowa, 278; *State v. House,* 108 Iowa, 68. But this does not allow him to go into details. The questions to which objections were sustained were defective in this respect. To illustrate: One Hubbard was asked: "Do you know what his habits or general make-up or character was there as to paying his obligations?" Also: "Up to the time of his moving away, did you know of his defrauding, or attempting to defraud, any one in the purchase of property?" It is his general character which may be shown, and not what he did in particular instances. Besides, a man's make-up with respect to the payment of his debts may be peculiar, and yet he not be guilty of dishonesty. The judgment of imprisonment for two years is not excessive, and is AFFIRMED.