THE STATE OF IOWA, Appellee, v. HENRY J. PRINS, Appellant.

Forgery: EVIDENCE: *Failure to find defendant at home.* In a prosecution for forging the signature of a person to an order for nursery stock, the admission of testimony of an agent of the nursery company, that in an attempt at verifying defendant's orders sent in, he called at defendant's home, but was unable to find him there, or in the immediate vicinity, was not prejudical error.

IMPEACHMENT. In a prosecution for forgery, on the issue of defendant's character and reputation, the admission of the testimony of a witness that he knew what people said of his general reputation for truth, honesty, and morality in the neighborhood in which he lived, prior to the date of the alleged offense, and that it was bad, was not error.

*Same.* In a prosecution for forgery, on an issue as to defendant's character, the admission of the testimony of witnesses, who knew him as a student at a certain city for a year or two before the alleged offense was committed, and down to the time of the trial, and were acquainted with his reputation, was not error. At any rate, its admission was not an abuse of discretion.

Challenge of Juror: PRE-FORMED OPINION. There is no error in overruling a challenge to a juror who heard part of the testimony on a former trial of the case, but who states that he can lay aside the opinion formed from such testimony, and decide the case solely on the evidence adduced on the second trial, without reference to what he heard before.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, OCTOBER 9, 1902.

DEFENDANT was indicted, tried, and convicted of forgery, and from the judgment and sentence imposed appeals.—*Affirmed.*

*Hatley & Irwin* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

DEEMER, J.—It is charged that, while acting as an agent of J. Wragg & Sons Company, dealers in nursery stock, defendant, as such agent, forged the signature of one A. Peelen to an order for such stock. Two jurors, who heard part of the evidence on a former trial were challenged for cause, and the challenges overruled. Each said he could lay aside the opinion he had formed from the evidence he had heard, and decide the case solely on the evidence adduced upon the trial, without reference to anything he had heard before. There was no error in overruling the challenges. *State v. Munchrath*, 78 Iowa, 272; *State v. Brady*, 100 Iowa, 194; *State v. Foster*, 91 Iowa, 168; *State v. Bone*, 114 Iowa, 537, and cases cited therein.

II.   A witness who went to the scene of defendant's operations to verify, as agent for Wragg & Sons Company, certain orders sent it by defendant, testified that he called at defendant's home, but was unable to find him either there or in the immediate vicinity. His purpose was to gain information regarding the orders, and we see no prejudicial error in the admission of the evidence.

III.   Evidence as to other forgeries by defendant was admitted, over his objections. These objections were not well founded. *State v. Prins*, 113 Iowa, 72. The court submitted the question as to their being forgeries and as to defendant's connection therewith to the jury; and evidently followed the law as announced by this court on a former appeal of the case. *State v. Prins, supra.* Claim is made that the persons who testified that certain signatures were forgeries were not the persons whose names are

apparently affixed to the orders.    There is no merit in this contention.    The evidence shows, or at least the jury was warranted in finding, that they were the same.    Defendant sent these orders with the fictitious signatures attached to his principal, and his connection with them is sufficiently shown.

IV.    Defendant's character and reputation were put in issue, and a witness, who testified that he knew what people said of his general reputation for truth, honesty, and morality in the neighborhood in which he lived prior to August 10, 1898, the date when the crime is said to have been committed, was permitted to answer, over defendant's objections, that it was bad.    There was no error in this.    Other witnesses, who knew defendant as a student at Orange City in the year 1897 or 1898, and who testified that they knew his general reputation for honesty, morality, and integrity in Orange City, were also permitted to testify in regard thereto, over defendant's objections.    This was proper.    *State v. Hart*, 67 Iowa, 144; *McGuire v. Kenefick*, 111 Iowa, 147.    At any rate, no abuse of discretion in the trial court is shown. Each of these witnesses testified that he had known defendant from the time he attended school at Orange City down to the time of trial, and each said he was acquainted with defendant's reputation.

V.    Complaint is made of one of the instructions. We need not set it out.    It relates to the effect to be given evidence of other forgeries, and is evidently bottomed on the language used by this court when the case was before us on another appeal.    Suffice it to say that it follows the rule there announced.

There is no prejudicial error in the record, and the judgment is therefore AFFIRMED.