J. E. BOWMAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. In an information against an attorney for obtaining money under the false pretense that a divorce had been obtained, the mere omission of the judge's signature from a copy of the alleged decree set forth, does not vitiate the information.

2. To constitute the crime of obtaining money under false pretenses, it suffices that the pretense actually deceived and was well adapted to deceive the person to whom it was made as to an existing fact or circumstance, and thereby induced him to part with something of value.

3. The crime of obtaining money under false pretenses is made out though the state proves a less sum than that named in the indictment.

4. The crime of obtaining money under false pretenses is not graded according to the value of the amount obtained.

This case was decided by the Court *En Banc.*

Writ of Error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*Jno. E. Hartridge,* for plaintiff in error:

*W. H. Ellis,* Attorney General for the state.

COCKRELL, J.—J. E. Bowman was indicted in the Criminal Court of Record for Duval county of the crime of obtaining money under false pretenses and sentenced to imprisonment in the state prison for a term of eight years.

The false pretense alleged is based upon the exhibition of a paper to one James Watson, falsely represented to be a copy of a decree of divorce in his favor, alleged to have been procured by Bowman as attorney for Watson, whereby Watson was induced to pay Bowman twenty-five dollars as fee for services rendered.

The evidence was positive and uncontradicted that Watson employed Bowman to obtain a divorce, and

about one month thereafter, Bowman exhibited to him a type written paper, as follows:

> In the Circuit Court, Fourth Judicial Circuit, Duval County, Florida, In Chancery.

James Watson,
    vs.    } Divorce.
Annie Watson.

THIS CAUSE Coming on to be heard upon the bill of complaint, a decree pro-confesso having been duly entered, a Special Examiner having been appointed by an order of this court, whose report has been submitted, approved and confirmed, and the court being advised in the premises, it is considered by the court that the complainant, James Watson, is entitled to the relief prayed for in his said bill, and it is accordingly, ORDERED ADJUDGED AND DECREED That the bonds of matrimony now and heretofore existing between the complainant, James Watson, and the defendant, Annie Watson, be, and the same are hereby dissolved and the said parties decreed divorced from each other.

DONE AND ORDERED At Chambers in the City of Jacksonville, County of Duval and State of Florida, this 30th day of January, A. D. 1907.

and which said paper was endorsed as follows:

"James Watson vs. Annie Watson. Copy of Final Decree."

Bowman represented this paper to be a copy of the decree of divorce but that "it was against the law to let me (Watson) have it without paying it all down." They then went to a money lender, secured the balance still claimed to be due, which was paid over to Bowman and in exchange Watson received his "divorce." Watson could not read but the paper was read over to him

by Bowman, who told him that it was a decree of divorce and the belief in this representation caused him to part with the money. As matter of fact no bill for divorce was ever filed.

A point is made both on the information and the evidence that the omission of any signature of a judge to the decree was obvious, and therefore the paper was not calculated to deceive and no crime was alleged or proved. The writing presented did not purport to be a certified copy of the decree as finally signed, but merely a copy, an office copy perhaps, and we cannot say that men of astute judgment dealing at arms length might not have been deceived, but the law is satisfied with a less rigid rule. The confidential relation of attorney and client is such that the client may more readily be deceived by his attorney's advice as to matters of law, than would one on his guard, and the circumstances of the parties must always be considered in testing the likelihood of deception. The pretense actually deceived and was well adapted to induce the person to whom it was made to part with something of value as to an existing fact or circumstance; there was the false representation calculated to mislead and actually misleading another. 2 Bish. New Crim. Law, Sec. 415.

It is also assigned as error that there was a variance in that only sixteen dollars were secured by the false pretense and not the full sum of twenty-five dollars charged in the information. Counsel admits he can find no authority to sustain the assignment. The only cases we have found in our search are against the position. State v. Dexter, 115 Iowa 678, 87 N. W. Rep. 417 and Commonwealth v. Lee, 149 Mass. 179, 21 N. E. Rep. 299 are in point.

Unlike larceny, the crime of obtaining money under false pretenses is not graded and the offense is made out equally and alike if the amount obtained be one

dollar or one thousand dollars.  Sims v. State, 54 Fla. 100, 44 South. Rep. 737, decided at this term puts us in line with the cases cited.

The judgment is affirmed.

TAYLOR, HOCKER, WHITFIELD, and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., absent on account of sickness in his family.