STATE OF IOWA, Appellee, v. F. O. PITKIN, Appellant.
(AND THREE OTHER CASES.)

**Indictment:** MOTION TO QUASH: GROUNDS. That a new grand jury was drawn after an improper discharge of a prior jury is not ground for setting aside an indictment returned by the new jury.

**Grand jury clerk:** QUALIFICATION. The fact that the clerk of a grand jury is a woman does not render her an unauthorized and unfit person to serve in that capacity, and in the absence of a showing to the contrary it will be presumed that she was duly appointed and observed all provisions of law.

**Appeal:** PRESUMPTIONS. On the overruling of a demurrer to an indictment and refusal of defendant to plead further, it will be presumed that the court entered a plea of not guilty and that evidence in support of the indictment was adduced before entering judgment against him, although the record on appeal does not so show.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

WEDNESDAY, JANUARY 15, 1908.

THE respective defendants were separately convicted of maintaining an intoxicating liquor nuisance, and each has appealed. The several appeals involve the same questions, and they have been submitted together.— *Affirmed.*

*E. C. Barber* and *John A. Reed,* for appellants.

No appearance for appellee.

BISHOP, J.— The appeals have been submitted on an abstract of the record without brief or argument. What is said following in respect of the *Pitkin* case may be accepted as having application to each of the other cases. The ab-

stract makes it appear that in July, 1905, Pitkin was charged

1. INDICTMENT: motion to quash: grounds.

by information filed before a justice of the peace of the county with the crime of nuisance. He waived examination, and was bound over to await action of the grand jury at the September term of the district court. On the convening of the court he appeared, and challenged the grand jury panel, for the reason that it had not been selected, drawn and summoned as by law provided. The challenge was based upon a record of the court made at the January term preceding. That record was introduced, and it is as follows: " State of Iowa. In the Matter of Drawing the Grand Jury. January 3rd. Upon showing of the county attorney it appearing that two of the grand jurors drawn, to-wit, C. C. Plumly and G. B. Bunger, were both from Maine township. It is therefore held that the drawing of said grand jury for this year 1905 is illegal and the precept therefor is set aside, and the proper officers are directed forthwith to draw and order summoned a new grand jury for said year as provided in section 342 of the Code, and the grand jurors are summoned to appear January 9, 1905, at 10 a. m." In further support of the challenge, evidence was introduced showing that the personnel of the second jury was different from that of the jury first drawn. The challenge was overruled, and we think rightly so. We shall not stop for discussion. In our view the point is ruled by *State v. Hughes,* 58 Iowa, 165, and *State v. Hart,* 67 Iowa, 142.

After indictment the defendant moved to quash on the ground urged in the challenge, and on the further ground " that the alleged clerk of the grand jury, Miss Hazel John-

2. GRAND JURY CLERK: qualification.

son, was an improper and unauthorized person before said grand jury during its investigation and deliberation in said cause."

This latter ground is supported only by the affidavit of one Albada, to the effect that Miss Johnson acted as clerk of the grand jury during its session. This motion was overruled,

and in this there was no error. Just why Miss Johnson was an improper and unauthorized person does not appear. Certainly that she was a woman did not make her an unfit person to act as clerk; and, in the absence of any showing to the contrary, we will assume that she was regularly appointed, and that in the performance of her duties she observed all the provisions of law relating thereto.

After the ruling on the motion to quash, the defendant pleaded not guilty. Subsequently he withdrew this plea, and demurred to the indictment — on what ground does not appear. The demurrer was overruled, whereupon defendant refused to plead further. It is recited in the abstract that thereupon the court adjudged the defendant guilty, and entered against him the judgment for a fine and costs, from which he appeals. It is not stated that a plea of not guilty was entered by the court for defendant, or that evidence in support of the charge in the indictment was brought forward; but on familiar principle we will assume that such things were done.

*3. Appeal: presumptions.*

No error appears, and the judgment in each of the several cases is *affirmed*.