The Supreme Court granted a new trial in this case, for error in the charge of the county judge who presided at the trial of the prisoner, and the people appeal. The indictment was for forging the indorsement of one Talmy Van Amburgh, upon a promissory note. The defence was, that the prisoner was authorized by Van Amburgh to sign his name, and that he made the signature in question in pursuance of that authority. There was proof that the prisoner had had the authority which he claimed, but evidence was adduced on the part of the prosecution tending to show that, before making the indorsement in question, that authority had been revoked. There was a conflict of evidence on this point, and the question of the prisoner's guilt or innocence depended upon the inquiry whether he made the indorsement under the honest belief that he was authorized to do so, or whether he knew at the time, that he had no such authority, and signed Van Amburgh's name with a criminal intent. To establish such intent, the prosecution put in evidence letters written by the prisoner to his father in law, John R. Ganoung, the contents of which might fairly be construed as admitting that the prisoner had made a wrongful and unauthorized similar use of Ganoung's name upon other notes. The county judge charged the jury as follows: "While the proof that he has been guilty of other forgeries is not evidence upon which you are to convict him of this forgery, yet the proof of other forgeries in connection with this, so far as they are in the case, you have the right to consider in determining what his intentions were at the time this paper was made and uttered. So far, you may consider all that character of evidence in the case in determining the intent at the *Page 365 
time this paper was made and uttered." And again, in response to a request of the prisoner's counsel to charge that admissions of wrong done to Ganoung, contained in the letters to Ganoung, were no evidence that the prisoner was guilty of the crime charged in the indictment, the judge charged: "The fact that the defendant is guilty of other forgeries, is no evidence to prove that he committed this forgery. So far as his admissions to Ganoung concede the commission of forgeries against Ganoung, they may be considered by you in determining what was his intent at the time this note was made and uttered."
The prisoner's counsel duly objected and excepted to the admission in evidence of the letters to Ganoung, and excepted to the charge that the jury had the right to take into consideration other forgeries, for the purpose of showing the defendant's intent at the time of indorsing the note in question.
We do not pass upon the exception to the admission in evidence of the letters to Ganoung, for the reason that the objection was general to the entire contents of the letters, and some parts of them may have been admissible, but the exception to the charge was, we think, well taken, and justified the granting of a new trial. The cases in which offences other than those charged in the indictment may be proved, for the purpose of showing guilty knowledge or intent, are very few, and this, we think, is not one of them. The fact that the prisoner made an unauthorized use of the name of Ganoung, if established, shows that he was morally capable of committing the same offence against Van Amburgh, but does not legitimately tend to show that he did so, or that he knew and understood that Van Amburgh's authority had been withdrawn, or that the signature in question was made with a criminal intent. The cases on this subject are discussed in the case of Coleman v. The People (55 N.Y., 81), and we think the reasons of that case cover the present one.
The judgment of the Supreme Court should be affirmed.
All concur.
Judgment affirmed. *Page 366