THE STATE v. SAUNDERS.

1. **Forgery:** UTTERING FORGED NOTE: EVIDENCE OF OTHER FORGER-
IES. In a proceeding for uttering forged notes, evidence tending to
show that defendant had had a questionable connection with another
note was improperly admitted, when there was no evidence that such
other note was forged, and when the note referred to was not produced,
nor its absence accounted for. (Compare *State v. Breckenridge*, 67
Iowa, 204.

*Appeal from Keokuk District Court.*

THURSDAY, MARCH 18.

INDICTMENT for uttering and publishing as true two
forged promissory notes. Trial by jury. Verdict guilty,
and judgment. The defendant appeals.

*Mackey & Fonda* and *G. D. Woodin*, for appellant..

*A. J. Baker, Attorney-general,* for the State.

SEEVERS, J.—The state introduced one Kirker as a witness,
and he gave evidence tending to establish the crime charged,
and it then asked him the following questions: "Do you
know anything about Mr. Saunders having given a note
with your name on it at any time. In the first place, did
you sign a note with him ?" To which the witness replied:
"I have signed with Mr. Saunders." The witness was then
asked: "Was there ever any question about any such note
you had not signed?" The witness replied, "Yes, sir." The
foregoing questions were objected to by the defendant, but
the objections were overruled.

It was incumbent on the state to prove that the notes
described in the indictment were forged. The notes referred
to in the indictment did not purport to have been executed
by the witness Kirker. The evidence given by the witness
had a tendency to establish that the defendant had forged or

uttered at least one promissory note other than those described in the indictment. Is such evidence competent and admissible? We are disposed to believe there is some conflict in the authorities as to this question. The cases in which offenses other than the one charged may be proved to show guilty knowledge are exceptions to the general rule. Undoubtedly the crime of forgery and uttering forged paper are within the exception. But the doubt seems to be whether the paper must not be of the same character or manufacture and precisely similar to that forged or uttered upon which the charge is based. *Dibble v. The People*, 4 Parker, Cr. R., 199; *The People v. Corbin*, 56 N. Y., 363; *Morris v. The State*, 8 Sm. & Marsh., 762. We deem it unnecessary to determine this question. It will be observed that there was no evidence that the note referred to by the witness was forged, and yet it had a tendency to establish such fact, and was, therefore, prejudicial; or at least it cannot be said that it was not. It must be true that, in order to infer guilty knowledge from other transactions, it must appear that a crime was committed.

Besides this, the note referred to by the witness was not produced, nor its absence accounted for. For aught that appears, the note may have been in court. It has been held that under such circumstances the evidence in question was inadmissible. *State v. Cole*, 19 Wis., 129; *State v. Breckenridge*, 67 Iowa, 204. We are of opinion that the court erred in admitting the evidence referred to.

Several other errors are discussed by counsel, which we have examined, and readily reach the conclusion that none of them are well taken.

REVERSED.