THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* THOMAS WILLIAMS, WILLIAM FERGUSON
AND THOMAS ROGERS, APPELLANTS.

*Evidence — trial for petit larceny — proof of similar transactions having taken place elsewhere.*

On a trial upon the charge of petit larceny alleged to have been committed by the accused in stealing ten dollars, the property of one Dayton, it appeared that the defendants went into Dayton's store, asked to purchase some candy and tendered a twenty-dollar bill in payment therefor, for which they received back nineteen dollars and some change. Thereupon one of the defendants, stating that he had found sufficient money to purchase the candy, requested Dayton to hand back the twenty-dollar bill, which was done, and some money was returned, which at the time Dayton supposed to be the money he had given in exchange for the twenty-dollar bill, but which was, in fact, ten dollars less.

*Held,* that evidence that the defendants, on the same evening and at another place, were guilty of a similar transaction, was competent.

APPEAL by the defendants from a judgment of conviction of the crime of petit larceny, rendered against them by the Court of Special Sessions of the city of Albany on the 25th day of March, 1890. The crime was alleged to have been committed in stealing ten dollars, the property of one George A. Dayton.

The evidence of the complainant showed that on the morning of the day of the alleged larceny he counted the bank bills kept by him in a package in the inner compartment of the safe in his store, and that there were in that package $224 in bills, the denomination of which he could not state; that he locked the inner compartment where the money was with a key and put it under a shelf; that the outer door of the safe was locked by a combination lock; that in his business as confectioner he was assisted by his wife and a Miss Reed; that he did not at any time during the day, from the time of counting the money in the morning until the time of the alleged larceny, interfere with that package, except once to put with it a two-dollar bill and take out a one-dollar bill; that about seven o'clock in the evening the defendants Ferguson and Williams came into the store and asked to purchase some candy, and, on being served, handed a twenty-dollar bill in payment, and on being asked if they had anything smaller, answered in the negative, whereupon complainant

went to the safe, opened the inner compartment, and took out nineteen dollars and handed it with the change to Ferguson and received the twenty-dollar bill; defendants then walked towards the front of the store and complainant towards the safe, when Ferguson, addressing complainant, asked him to return the twenty-dollar bill as he had found change, and did not like to be carrying about small change, and pursuant to that request complainant returned to the defendant the twenty-dollar bill and received back what he, at the time, supposed was the money he had parted with, but which he, returned to the safe without counting. Soon after that he was asked by a detective if he had lost any money; on examining the package in the safe he found that it contained but $215.

On his cross-examination the complainant said he paid his help that day and would not swear positively how many times he put bills in or took them out of that package that day; don't remember how many times he went in the safe and made change from these bills positively

Miss Reed and Mrs. Dayton, who assisted in the store, both testified that they did not interfere with or take any bills from this package in the inner compartment of the safe that day. This is the substance of the evidence tending to establish the *corpus delicti.*

The prosecution then called as a witness a druggist, who was permitted by the court, under defendants' objection, to testify that, on the same evening of the occurrence charged in the complaint, the defendants Ferguson and Rogers bought a cake of soap and tendered a twenty-dollar bill in payment, and on being asked if they had anything smaller answered in the negative, and the bill was taken and nineteen dollars and eighty cents returned to them in change. Ferguson requested the return of the twenty-dollar bill, and offered the change for the soap, but was refused, and before leaving the defendant Rogers bought a stick of licorice and tendered in payment a five-dollar bill, and the clerk refused to change it and told him to pay at some other time.

The prosecution proved, under like objection, that on the same evening the defendants, Ferguson and Williams, called at a tea store and purchased a half pound of tea for twenty-five cents, and Ferguson handed in payment a twenty-dollar bill and received in change nineteen dollars and seventy-five cents, and after receiving

it said he could pay for the tea in change, and requested the return of the twenty-dollar bill, the clerk looked over the money which defendant proposed to return, and then got the twenty-dollar bill and gave it to Ferguson. Defendant Rogers came in the store while the other two defendants were there, and purchased a pound of sugar at seven cents and paid for it, but did not speak to the other defendants.

Under a similar objection by the defendants, the people also proved that on the same evening Ferguson and Williams went into a restaurant and bought twenty-five cents worth of cigars and handed a twenty-dollar bill in payment and received nineteen dollars and seventy-five cents in change, after which one of them found he had a quarter, and requested the return of the twenty-dollar bill, and it was given to them, they then shoved back the change which was put in the drawer, and on making the account up later in the evening the account was found to be short ten dollars.

*James C. Matthews*, for the appellants.

*Andrew Hamilton*, for the respondent.

MAYHAM, J.;

We think the evidence sufficient to establish a *corpus delicti*, and that the finding of the jury that the crime charged was committed is fully sustained by the evidence. The appellants insist that the learned recorder erred in admitting, under objection, the evidence of the acts of these defendants at other stores on the same evening of a somewhat similar character to that at the store of Dayton.

This evidence was doubtless offered by the people for the purpose of showing the motive of the purchasers in tendering the twenty-dollar bill and receiving other and necessarily smaller bills in exchange, so that they might abstract one or more of the smaller bills and return the balance unobserved, in exchange for the twenty-dollar bill and thus steal the bill or bills so abstracted; such a device, artfully practiced by a shrewd operator, might easily deceive the unsuspecting tradesman in the hurry of business, and there is some evidence in this case that it has become one of the methods of larceny under the name of "flim flam." The defendants' counsel relies upon the *People* v. *Corbin* (56 N. Y., 363), and *Coleman* v.

*People* (55 id., 81), as authorities in support of his objections to this evidence.

In the case first above cited the court held that it was not proper on the trial of an indictment for forgery to prove that the defendant had admitted that he had committed other forgeries; and in the latter case that it was not competent, on the trial of an indictment for receiving stolen goods, to show, for the purpose of proving the *scienter*, that the prisoner had received other stolen property. Neither of these cases come entirely within the principle under which the evidence in the case at bar was offered and received. They were not offered to be shown proximate in time nor precisely identical in character with the crimes charged in the indictment. We think the case now before this court is more nearly in principle like the case of *Weyman* v. *The People* (4 Hun, 517; affirmed, 62 N. Y., 623, and the cases there cited.)

In that case it was held to be competent for the people to show that on the day of the alleged commission of the crime charged, and on the next day the prisoner in the same way and by the same means procured similar articles of other persons, and the court says such evidence " is competent to show that the party accused was engaged in other similar frauds about the same time, provided that the transactions are so connected as to time, and so similar in their other relations that the same motive may reasonably be imputed to them all." (See, also, *Hall* v. *Naylor*, 18 N. Y., 588; *Hennequin* v. *Naylor*, 24 id., 139.)

This kind of evidence is frequently resorted to in the trials of indictments for passing counterfeit money, and the object of such testimony is to prove that the act is not an isolated or accidental occurrence, but that it was done by deliberate design. We think this evidence, under the circumstances of this case, was proper, and that the exception to its admission was not well taken.

We discover no error in the admission of evidence or in the charge of the recorder to the jury, and the jury having found the defendants guilty upon evidence sufficient to uphold the verdict, we think the judgment of conviction and sentence pronounced were proper. It is quite true, as is urged by the counsel for the defendants, that the right of trial by a jury is guaranteed to the defendants and

they are in no way responsible for the failure of two previous juries to agree, and that fact alone should not aggravate their punishment.

But the judgment and sentence pronounced were within the limits of the jurisdiction of the court which pronounced them, and we do not think it is the province of this court on this appeal to criticise or interfere with them.

The judgment of conviction is affirmed.

LEARNED, P. J., and LANDON, J., concurred.

Judgment and conviction affirmed.