MIKE DEAL v. STATE OF MISSISSIPPI.

[50 South. 495.]

CRIMINAL LAW AND PROCEDURE. *Forgery. Evidence. Forged instrument not offered.*

Where the instrument charged to have been forged is in possession of the state and available as evidence, a conviction for forging it cannot be sustained without offering it in evidence.

FROM the circuit court of Caliborne county.

HON. JOHN M. BUSH, Judge.

Deal, appellant, was, jointly with another, indicted for forgery, and, a severance being obtained, was separately tried, convicted, and sentenced to the penitentiary for two years, and appealed to the supreme court. The opinion of the court states the facts.

*R. B. Anderson,* for appellant.

The state showed that appellant and one Jones went into the store of Nosser and that Jones presented a check payable to John Miller, that Nosser asked Jones if he, Jones, was named John Miller and also asked appellant what his companion's name was, and appellant replied that it was John Miller. Jones bought a shirt, after endorsing the check, and received therefor the shirt and cash equal to the face of the check less the cost of the shirt.

The forged instrument was not offered in evidence, nor was the failure to introduce it explained. How could the jury find that appellant was guilty of forging a particular instrument when none was offered by the state? The law requires the state to produce the forged paper.

"The alleged false writing must be produced in court against the accused or it must be accounted for by showing that the

accused has possession of it or that it has been destroyed." 5 Am. & Eng. Ency of Law (2d ed.) 854; *Morton v. State,* 30 Ala. 527; *Manaway v. State,* 44 Ala. 375; *Cross v. People,* 192 Ill. 291; *Commonwealth v. Snell,* 3 Mass. 82; *State v. Callendine,* 8 Iowa, 288; *United States v. Britton,* 24 Fed. Cas. No. 14,650; *People v. Kingsley* (N. Y.), 14 Am Dec. 520; *State v. Lowry,* 42 W. Va. 205; 19 Cyc. 1412, which says "the instrument alleged to be forged must be produced at the trial, etc.," citing the above cases.

The same doctrine is laid down by 13 Am. & Eng. Ency. of Law (2d ed.) 1111, and the same authorities cited.

Again the introduction of the forged check in this instance was especially necessary because one of the essentials to the crime is that it must be such an instrument as would apparently be capable of effecting a fraud and working injury. Without inspection by the jury, how could this be proved to their satisfaction?

From the testimony of Nosser, it will be seen that the conviction was obtained upon the bare facts that appellant is declared to have said that Jones' name was John Miller. This is not sufficient. The check described by Nosser was John Miller's check, and the indictment sets out a check drawn by Luster in Miller's favor.

Still another proposition: Nosser asked Jones if his name was Miller, to which query he seems not have received a reply, and then he says that the store was so crowded he made the same inquiry of Deal, who simply said "Yes." The use of the word, "Yes," is the extent of the proof of Deal's complicity.

Miller was not introduced, and it was not shown that Nosser or any other person was defrauded or attempted to be defrauded.

*George Butler,* assistant-attorney general, for appellee.

The charge in the case was based upon a check payable to John Miller, illegally endorsed in the name of John Miller by

appellant and one Jones, and palmed off as valid on Nosser. The sole contention here is that the check was not formally introduced in evidence on the trial of this cause, but it seems to be shown by implication that the check was produced on the hearing. Thus it appears in the record that the check was handed to a witness, Luster, the maker of the check, who testified that it was the original check issued by him to John Miller. Another witness, Green, examined the check, which is manifestly the check in question, and testified with reference to the same. Nosser was handed the check and testified that he cashed it after being assured by Jones that the party was Miller.

Certainly the mere failure to introduce the check in evidence is not sufficient to work a reversal in this case.

When the state rested its case a motion was made to exclude the evidence and direct a verdict for appellant, and it was nowhere suggested as a ground for this motion that the check was not introduced.

MAYES, J., delivered the opinion of the court.

This is an indictment against appellant for forgery. He was tried, convicted, and sentenced to the penitentiary for two years, and appeals.

The indictment charged appellant with forging the name of one John Miller to a certain check drawn by one Luster and made payable to the said Miller, and in the indictment is set out an exact copy of the check. It is not alleged in the indictment that the check was lost or destroyed, or that same was in the possession of accused and could not be produced by the state; nor is there any notice served on accused to produce the check. In this attitude of affairs it appears that, though the state had the check in its possession at the time of the trial, it was never introduced in evidence by the state. At the conclusion of the trial the defense asked for a peremptory instruction to find for defendant, and same was refused by the court, and this is the error assigned here.

Since it plainly appears from the record that the check in question was in the hands of the state and available as evidence, it is our view that its introduction was essential, and the failure on the part of the state to offer it was fatal to the conviction.

*Reversed and remanded.*