PERCY THREADGILL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*·

## Opinion filed February 8, 1918.

1. In the prosecution of an information for forgery of a deed and for uttering it knowing it to have been a forgery, it is error to admit in evidence over the defendant's objection a certified copy of a record of the instrument which was recorded in the official records of the county, in the absence of any showing by the State that the instrument is lost or destroyed, or not within reach of the process of the court, or is in possesion of the defendant, in which latter case reasonable. notice must be given to the defendant to produce it.

2. The production of the forged instrument is an essential part of the case in a prosecution for forgery unless its absence is properly accounted for.

Writ of Error to Criminal Court of Record for Dade County, Jas. T. Sanders, Judge.

Judgment reversed.

*McCaskill & McCaskill* and *Hudson, Wolfe & Cason*, for Plaintiff in Error;

*Van C. Swearingen*, Attorney General, for the State.

ELLIS, J—The plaintiff in error, hereinafter referred to as the defendant, was convicted in the Criminal Court of Record of Dade County of uttering a forged deed.

The information contained two counts. The first of which charged the defendant with forgery of the deed, and the second count with uttering it. He was convicted upon the second count, the verdict making no reference

to the first count, and seeks here to reverse the judgment on writ of error.

The number of errors assigned is nine; but the first, fourth, fifth and nineth are abandoned, and the seventh and eighth which present the question of the sufficiency of the evidence to support the verdict may be considered together.

The second assignment of error rests upon the court's ruling in admitting in evidence over the defendant's objection a certain certified copy of the record of a deed under the seal and signature of the Clerk of the Circuit Court for Dade County.

The deed which the defendant was charged with forging purported to be a deed of conveyance of a certain lot of land in Dade county containing about two and one-half acres of land and to be signed by Charlotte Lawson and R. C. Long. The substance of the deed is set out fully in the information, but it appears not to be under the seal of either Lawson or Long. The forgery was alleged to have been committed on the 8th day of November, 1915. The second count charged the uttering of this deed and the offense was alleged to have been committed on the 4th day of May, 1916. In the second count the "tenor, purport and effect" of the deed is set out in the words of the deed which appears to be under the seal of Charlotte Lawson and R. C. Long. The deed as set out in each count is one and the same instrument, the only difference being that in the first count it appears not to be under seal of the makers, while in the second count it does. This difference, however, is probably due to a clerical error, as no reference is made to the point by either side. According to the information the deed was executed on the 8th day of November, 1915, and the makers acknowledged the execution of the instrument before H. W. Scott, a notary

16—Vol. 75

public, on the 8th day of November, 1916, who in his certificate stated that the makers were to him "well known to be the persons described in and who executed the" conveyance.    The paper offered in evidence purported to be a copy of the record of the above mentioned deed which according to the certificate of the clerk was recorded in the records of Dade County in   Deed Book   112 on page 356, on the 4th day of May, 1916, or six months and four days before the execution of it was acknowledged by the makers according to the Notary Public's Certificate. This appears to be another error, as the certificate had been made by the Notary Public when   the   instrument was presented for record.

To the reading of this certified copy of the record of the deed in evidence which the information charged was a fraudulent deed and   had been falsely   executed and forged by the defendant, counsel for   the   defendant objected upon several grounds: First that the original instrument alleged to be forged is the best evidence of the signatures thereto and its contents; second, that the original of an alleged forged instrument must first be produced before other evidence of forgery can be introduced; third, that the absence of the original was not accounted for, and, fourth, that the defendant had not been given reasonable notice to produce the original.    This objection was overruled, to which ruling the defendant excepted, and the same became the basis for the second assignment of error.

If the court erred in admitting in evidence the certified copy of the record of the instrument, it appears that the error was subsequently cured so far as the proof of the existence of the instrument was concerned, by the written acknowledgment of the defendant that he procured the deed and that it purported to be signed by R. C. Long and

Charlotte Lawson as grantors, that he was named as grantee and the instrument purported to convey the land described in the information. This written instrument signed by the defendant admitted in evidence without objection, does not state that the deed was procured from the persons whose names appeared signed thereto as grantors. He states that the deed "purports to be signed by R. C. Long and Charlotte Lawson;" that defendant did not pay the grantors, nor did they receive from him any consideration whatsoever in any form "for the execution of said deed;" that it was wholly without consideration and conveyed no title to the defendant. This written acknowledgment by the defendant was in the form of an affidavit and contains the admission that "he had no right, title or interest in or to the said described land," but that he had mortgaged it to G. C. Branch to secure a note for six hundred dollars due in three years at eight per cent. and that the mortgage was recorded in Book 49 of Mortgages, page 178, public records of Dade county; that he had executed a quit-claim deed for the land to Long and Lawson on August 1, 1916, by which he intended to restore Long and Lawson to the "status they occupied before their purported conveyance to him of November 8th, 1915." That he would pay the mortgage debt and would procure from Branch a "satisfaction of the said mortgage now on record against said land." That he made the affidavit and promises in consideration of the withholding by Long and Lawson of a civil suit to cancel the mortgage and clear the title to the land.

With this instrument in writing above described before the court, the introduction in evidence of the certified copy of the record of the deed and mortgage was unnecessary. The original instrument was unnecessary so far as proving its contents was concerned. Its existence

was admitted.    Long, whom the defendant in his testimony said had signed the instrument, denied having signed it, and the jury seems to have believed him. Charlotte Lawson testified that she did not sign the paper, and that statement is not denied.    As to the other woman in the case named Lottie McCord, with whom the defendant said he was not acquainted and had not met prior to November 8, 1915, when he went to her house for her signature to the deed, believing, as he said, that she was Charlotte Lawson whom he did not know, she also denied signing the deed either in her own name or in that of Charlotte Lawson, and the jury seemed to believe her, although both the defendant and the Notary Public, Horace W. Scott, who certified that he well knew Charlotte Lawson testified that Lottie McCord signed the deed as Charlotte Lawson.

Scott admitted that he executed the certificate, attached his seal thereto and signed the instrument as a witness before Long signed, and that he did not know whether Long ever signed the deed or not.    So far as proving the existence of the instrument was concerned, we think that the introduction of the certified copy of the record of the deed in evidence without attempting to show that it was in possession of the defendant or not in the possession or control of the State was an error rendered harmless by the affidavit of the defendant.    It is contended however that the rule requires the production in evidence of the forged instrument not only because it is the best evidence of its contents, but also the best evidence of the signatures which may be contended by the defendant to be genuine.    If the production of the forged instrument in evidence is necessary in a prosecution for forgery, then it follows that the certified copy of the record of the alleged forged instrument was unneces-

sary, unimportant and worthless as evidence, because the original being the best evidence of its contents and signature the copy is superfluous.

If the original instrument is necessary in a prosecution for forgery it must be because in the nature of the case the original document contains elements of proof which a certified copy of its record cannot contain. If as in this case for instance it became material to show that the signature of Long which appeared on the deed was not genuine the best evidence of it would have been the instrument itself, and the signature thereon compared with a signature of Long's admitted to be genuine, which could not be done without the original instrument. Likewise the signature or handwriting of the witness Lottie McCord could be compared with the name Charlotte Lawson as the same appeared to be signed to the deed and the question determined by that means as to whether the witness McCord did in fact sign the name of Charlotte Lawson to the instrument. In case the jury should have been of the opinion from the evidence that the McCord woman did forge the signature of Charlotte Lawson, the only remaining question would have been whether the defendant knew it to have been a forgery. The absence of the original instrument from the evidence in the case therefore deprived the case of the best evidence of which it was susceptible and deprived the defendant of the opportunity of refuting by the means suggested the testimony of Long and the McCord woman that they did not sign the deed.

The rule supported by the great weight of authority is, that the production of the forged instrument is an essential part of the case of forgery and must be produced in court against the accused, or it must be accounted for by showing that it is lost or destroyed or not within reach of

the process of the court or is in possession of the defendant; and in the last instance reasonable notice must have been given him to produce it.    See State v.  Osborn, 1 Root (Conn.) 152; State v. Blodget, 1 Root (Conn.) 534; Haun v. State, 13 Tex. App. 383; Dovalina v. State, 14 Tex. App. 312; Manaway v. State, 44 Ala. 375; State v. Lowry, 42 West Va. 205, 24 S.  E. Rep. 561; State v. Martin, 229 Mo. 620, 129 S. W. Rep. 881; State v. Flanders, 118 Mo. 227, 23 S. W. Rep. 1086; State v. Saunders, 68 Iowa 370, 27 N. W. Rep. 455; State v. Breckenridge, 67 Iowa 204, 25 N. W. Rep. 130; Deal v. State, 96 Miss. 82, 50 South. Rep. 495.    See also Note to State v. Martin, 22 Ann. Cas. 908; Underhill's Crim. Ev., (221) Sec. 425 and authorities cited; 3 Bishop's Crim. Proc. (2nd ed.) Sec. 433; 5 Ency. of Evidence, p. 854; 4 Elliott on Evidence, Sec. 2992; 2 Archbold's  Crim.  Proc.  p. 1628; 3 Greenleaf on Evidence, (15th ed.) Sec. 107.    No effort was made by the State to produce  the  original instrument alleged to be forged, no effort made to account for its absence and no evidence that it was in the possession of the defendant.

The introduction in evidence of  the certified  copy of the record of the deed therefore was error.    The written statement of the defendant was not an admission that he forged the instrument, nor that he knew it to be forged, therefore the error in admitting the certified copy of the record of the deed was not cured by the reading in evidence of  the defendant's statement.   As the forged instrument is an essential part of the case of forgery unless its absence is properly accounted for, and as it does not appear that its absence was accounted for in this case, it follows that the evidence was insufficient to support the verdict, there being no admission that the de-

fendant committed the forgery, nor that he knew the instrument to be forged. So the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur·