[Crim. No. 3244. Third Dist. June 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES C. SOWERS, Defendant and Appellant.

James D. Walsh, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—Defendant appeals from a judgment of conviction entered pursuant to a jury verdict finding him guilty of a violation of section 4531 of the Penal Code (escape), and from the order of the trial court denying his motion for a new trial.

The record shows that defendant, while an inmate at Folsom State Prison, serving a term for conviction of forgery, escaped from an honor camp operated by the prison in Placer County. Subsequently, he was arrested in Texas on May 10, 1957, and convicted of a violation of the Dyer Act, for which he served a term of imprisonment at the federal penitentiary at Leavenworth, Kansas. At the conclusion of his term, he was returned · to California from Leavenworth by California authorities and placed in Folsom to serve the unsatisfied portion of the original forgery sentence.

Following his return and while so incarcerated at Folsom, an information was filed on December 2, 1960, charging him

with a violation of the above-mentioned escape statute. The first information, being insufficient, was dismissed and on February 16, 1961, an amended information was filed including the charge that defendant had been absent from the state from November 8, 1957, to September 1, 1960, in order to bring the information within the provisions of Penal Code section 802. This section provides in part that ". . . no time during which the defendant is not within this State is a part of any limitation of the time for commencing a criminal action."

The case proceeded to trial on March 14, 1961. As a part of the evidence offered in support of its case, the state called a deputy sheriff who, over defendant's objection, was allowed to testify that he had taken fingerprints of the defendant. An expert of the State Bureau of Criminal Identification, likewise over defendant's objection, was allowed to testify that the prints taken at the Placer County jail and those shown in records of Leavenworth Penitentiary were of one and the same person. Also over defendant's objection, photostatic copies pertaining to defendant's incarceration at Leavenworth were admitted. No evidence was offered on defendant's behalf. At the conclusion of the trial, the jury found defendant guilty as charged, and from the judgment of conviction which was entered pursuant thereto and from the denial of his motion for a new trial he now appeals.

Defendant's first contention is that he was denied a speedy trial by reason of certain alleged procedural errors. In the first portion of this contention he refers to the interval of approximately six months between the date of his return to Folsom from Leavenworth and the time of his trial on the escape charge.

In answer to such contention, it is sufficient to note that "At no time did . . . defendant assert during the trial that he had been denied his right to a speedy trial. It cannot be asserted for the first time on appeal." (*People* v. *Jordan,* 45 Cal.2d 697, 708 [290 P.2d 484].)

In support of the second portion of this contention he refers to what is characterized as lack of "due diligence" on the part of California authorities who, at all times, knew of his incarceration at Leavenworth, but made no attempt to return him to this state for trial on the escape charge. Although it is not entirely clear, it would appear that his argument in this regard is that the provisions of Penal Code section 802 do not apply when a defendant is available for

extradition. Defendant's interpretation of section 802 would engraft language upon that section which is not there. If the Legislature had intended that the statute be tolled only when a defendant is not within this state and not available for extradition, it would have been simple to have said so. Although no appellate case in this state has been brought to our attention which considered this precise question, the policy which we hold to be valid is pointedly set forth in *Application of Melton* (Okla.Crim.) [342 P.2d 571]. The court there held:

"The state is not required to assume the additional burden of costs incident to affording a speedy trial, i.e., in returning an accused to the state, who, on his own volition, placed himself beyond the jurisdiction of the state and in the custody of the Federal government. The costs incident to returning the accused from Leavenworth, Kansas, after the completion of his sentence and in response to the hold order are just and reasonable, but to require the additional burden of a round trip excursion into Oklahoma . . . would be an unjust and unreasonable burden on the state. The state is in no way responsible for accused's predicament and is in no manner required to extend the hand of charity to him." (P. 573 [342 P.2d].)

 Defendant's next contention is that the trial court erred in admitting into evidence photostatic copies of his record at Leavenworth prison. The various papers include a photograph of defendant, a photostat of his fingerprint card, and a photostatic copy of the federal judgment of conviction. These items were fastened together and a cover sheet was appended bearing the printed caption "United States Department of Justice, Bureau of Prisons, United States Penitentiary, Leavenworth, Kansas." The sheet was entitled "Certificate of Record" and reads in part as follows:

"I, J. C. Taylor HEREBY CERTIFY AND ATTEST that I am the Warden of the United States Penitentiary, Leavenworth, Kansas, and as such that I am the official custodian of the records . . . [of said penitentiary] and that the following and attached records consisting of . . . [the above enumerated items] of one James Cicero Sowers Register No. 75085-L are true and correct copies of the records of the . . . [Leavenworth prison].

"In Witness thereof, I have hereunto set my hand and SEAL at Leavenworth, Kansas, this 20 day of December A.D., 1960. [Signature.]"

At the bottom of that page appears the following:

"STATE OF KANSAS

LEAVENWORTH COUNTY

"Subscribed and sworn to before me this 20 day of December 1960.

> "[Signature]
> Administrative Assistant—C & P
> U.S. Penitentiary
> Leavenworth, Kansas
> Authorized by the Act of July 7, 1955
> to administer oaths (18 U.S.C. 4004)."

Defendant's objection to the introduction of this evidence was that the record lacked sufficient foundation and authentication. On appeal it is further argued that the provisions of Penal Code section 969b apply only when the state is introducing records to show conviction of a felony in another jurisdiction in support of a charge of a prior conviction, but do not apply to the introduction of a record to show absence from this state sufficient to toll the statute of limitations.

From the documents in question it would appear that they had been certified by the warden; that he was the official custodian of the records; that they were true and correct copies of the records on file at Leavenworth; and that the warden's certification was subscribed, sealed and sworn to before the administrative assistant of said prison, pursuant to a federal act authorizing him to administer oaths. Since the documents in question were introduced merely as prima facie evidence that defendant was an inmate of said penitentiary during the time in question, it is our conclusion that said documents were properly admitted in evidence for that purpose. No attack has been made upon the validity of the contents of the records, nor the accuracy of the latent fingerprint expert's evaluation. Furthermore, it should be noted that the trial judge carefully cautioned the jury that the records were being admitted solely on the question of the applicability of the statute of limitations and were to be considered for no other purpose.

Defendant's final contention relates to the introduction of the fingerprints taken the day before the trial and the testimony of the expert relative thereto. It appears that the prints were taken in the Placer County sheriff's office the day prior to the trial and thereafter compared by the expert, who testi-

fied to their identical nature at the trial. Although defendant did not object at the time they were taken, objection was made to their admission into evidence. He now argues that there is no statutory provision authorizing the taking of fingerprints in this manner, that they were illegally obtained, and that their admission into evidence constituted self-crimination.

The privilege against self-crimination, as established by courts in this state, relates primarily to testimonial compulsion. (*People* v. *Haeussler*, 41 Cal.2d 252 [260 P.2d 8].) It follows that fingerprints, not being in the nature of testimonial compulsion, do not come within the privilege. (*People* v. *McDaniel*, 157 Cal.App.2d 492 [321 P.2d 497].) Furthermore, fingerprinting, as a reasonable and customary police procedure, does not require statutory authorization in each instance.

The judgment and order are affirmed.

Pierce, J., and Schottky, J., concurred.