190 So.2d 200 (1966)
Anthony Wayne GENTILLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-996.
District Court of Appeal of Florida. Third District.
September 20, 1966.
*201 Robert L. Koeppel, Public Defender and Arthur J. England, Jr., Sp. Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and SWANN, JJ.
PER CURIAM.
The defendant, Anthony Wayne Gentille, appeals from the judgment of conviction and sentence in a non-jury case in which he was found guilty of the violation of Section 790.23, Florida Statutes, F.S.A., unlawful possession of a firearm by a convicted felon, and sentenced to ten years in the State Penitentiary.
Section 790.23(1) provides:
"It is unlawful for any person who has been convicted of a felony in the courts of this state, or convicted of an offense in any other state, territory or country which if committed in Florida would be deemed a felony, to own or to have in his care, custody, possession or control any pistol, sawed-off rifle or sawed-off shotgun. A sawed-off rifle or sawed-off shotgun is defined for the purposes of this section as being any rifle or shotgun with a caliber greater than twenty-two caliber and with a barrel less than sixteen inches long."
The defendant contends that the taking and use of his fingerprints to establish that he was a previously convicted felon in Florida, under another name, violated his constitutional rights and that the fingerprints were inadmissible in evidence because they were (a) taken other than for booking; (b) they were taken when defendant was without counsel, and (c) they caused the defendant to incriminate himself.
The pertinent portion of defendant's contention for reversal is set forth in these facts. The defendant was arrested on June 16, 1965, charged with robbery, and incarcerated. Counsel was appointed to represent him on this charge. On August 9, 1965, while in custody under the robbery charge, his fingerprints were taken. On the next day, an information charging him with violation of Section 790.23 [unlawful possession] was sworn to, and it was filed on August 13, 1965. State appointed counsel represented the defendant on the "possession" charge, and he was arraigned, tried and convicted of the same. The robbery charge was then dismissed for lack of prosecution. When the defendant was fingerprinted, he was under lawful arrest and charged with robbery.
Section 30.31(1), Florida Statutes, F.S.A., provides in part as follows:
"It is the duty of the sheriffs of the state to fingerprint all persons hereafter charged with or convicted of a felony upon so being charged or convicted and to submit such prints to the federal bureau *202 of investigation and the Florida sheriffs bureau. The sheriffs of the state may fingerprint all persons charged with or convicted of any criminal offense when in their opinion it is necessary for the protection of the public." (Emphasis added)
* * * * * *
It is conceded that the fingerprints taken on August 9, 1965, are of the same person who was previously convicted of robbery in Florida under another name in 1956.
The case of Smith v. United States, 1963, 117 U.S.App.D.C. 1, 324 F.2d 879, involves a similar situation. There, the court said:
* * * * * *
"We find no error in the admission of the palm print of Smith taken the day before trial for purposes of comparison with the palm print on the victim's credit cards. Unlike the situation in Bynum v. United States, 104 U.S.App.D.C. 368, 262 F.2d 465 (1958), appellant here was in lawful custody at the time his prints were recorded. Cf. Bynum v. United States, 107 U.S.App.D.C. 109, 274 F.2d 767 (1960) (per curiam). And it is elementary that a person in lawful custody may be required to submit to photographing, United States v. Amorosa, 167 F.2d 596, 599 (3d Cir., 1948), and fingerprinting, United States v. Krapf, 285 F.2d 647, 650-651 (3d Cir., 1961), as part of routine identification processes. United States v. Kelly, 55 F.2d 67, 83 A.L.R. 122 (2d Cir., 1932)."
* * * * * *
See generally 28 A.L.R.2d 1115.
We hold, therefore, that the taking of the fingerprints of a defendant, at any time after a lawful arrest and without counsel present is valid as part of the routine identification process, and is not prohibited by the Florida or United States Constitution, compare People v. Sowers, 1962, 204 Cal. App.2d 640, 22 Cal. Rptr. 401; State v. La Palme, 1962, 104 N.H. 97, 179 A.2d 284, even if the fingerprints are for the specific purpose of producing evidence to be used as a separate criminal trial. See generally 11 A.L.R.2d 870.
The defendant also contends that there was insufficient proof to convict him of the "possession, care, custody or control" of the firearm in question. A careful review of the record reveals that there was substantial, competent evidence to support the judgment of the trial court that the defendant's activities came within the purview of the statute. We have examined the defendant's other contentions and find them to be without merit.
The judgment appealed from is therefore
Affirmed.