BARKDULL, Judge.
The appellant was informed against by a five-count information, the first count of which charged grand larceny. The second count charged forgery of a mortgage. The third count charged uttering a forged instrument, to wit: the mortgage referred to in Count II. The fourth count charged forgery of a note. The fifth count charged uttering a forged instrument, to wit: the note referred to in Count IV. At the conclusion of a non-jury trial, the appellant was acquitted of the grand larceny charge under Count I, adjudicated guilty of the remaining charges, and sentenced to five years with the sentences to run concurrently.
On this appeal, the principal points urged for reversal are error in admitting certain evidence by a handwriting expert, and' insufficiency of evidence to support the four convictions. We fail to find substantial competent evidence to convict the appellant of Count IV [forgery of the note] and Count V [uttering the forged note]. Therefore, we are required to reverse these convictions and discharge the appellant. Moore v. State, 152 Fla. 295, 11 So.2d 486; Rosenblum v. State, Fla. 1951, 55 So.2d 119; Gilday v. State, Fla.App.1964, 168 So.2d 205.
The principal evidence relied on to establish the forgery of the mortgage was a comparison of the appellant’s signa,; ture on the fingerprint card [which he signed subsequent to his arrest] and the writing on a copy of the alleged forged mortgage. Error is urged in permitting the handwriting expert to testify relative to the fingerprint card signature on constitutional grounds, which we find not to be well taken. Accord, Gentille v. State, Fla.App.1966, 190 So.2d 200, cert. denied 386 U.S. 995, 87 S.Ct. 1313, 18 L.Ed.2d 342. Error is also urged in the failure to demonstrate that the blow-up photograph of the signature on the fingerprint card was in continuous possession of the police offi *44 cers and, further, it was error to permit the comparisons to be made to writings on a copy of the mortgage, when the information alleged a forgery of the original and there was no predicate introduced for using the copy rather than the original. We find both of these latter points to be well taken. Threadgill v. State, 75 Fla. 240, 77 So. 880; Thompson v. Freeman, 111 Fla. 433, 149 So. 740; Deeb v. State, 131 Fla. 362, 179 So. 894; North v. State, Fla.1952, 65 So.2d 77; Watson v. State, Fla.1966, 190 So.2d 161; 14 Fla.Jur., Forgery and Counterfeiting, § 26.
Therefore, we reverse all the convictions and discharge the appellant from further proceedings as to Counts IV and V and, pursuant to the provisions of § 924.36, Fla.Stat., F.S.A., we remand the cause to the trial court for a new trial based on Counts II and III of the Information.
Reversed and remanded with directions.