PER CURIAM.
This is an interlocutory appeal by the State from an order granting a motion to suppress. At the hearing on the motion to suppress, it was apparent that the evidence adduced was not all that was actually seized from the defendant at the time she was apprehended, some of the evidence having been stolen from the legal custodian pending the trial court proceedings.
We find that the trial court committed error in suppressing the evidence because all of it was not present at the hearing. While this might be a good ground for denying its admission into evidence at the time it is offered [Deeb v. State, 131 Fla. 362, 179 So. 894; North v. State, Fla.1966, 65 So.2d 77; Watson v. State, Fla.1966, 190 So.2d 161; Wincor v. State, Fla.App., 212 So.2d 42; Stunson v. State, Fla.App.1969, 228 So.2d 294], it is not a ground for suppressing the evidence which was legally seized. The inquiry on a motion to suppress is different than the inquiry at the time of trial as to the admissibility of the evidence. The only question before the court on a motion to suppress is the validity of the seizure. Robertson v. State, 94 Fla. 770, 114 So. 534. Objections that go to admissibility are to be present at the time the evidence is tendered.
Therefore, the order here under review be and the same is hereby reversed, with directions to the trial court to proceed with the trial of the matter.
Reversed and remanded, with directions.