QUESTION: May juveniles taken into custody on charges which would be misdemeanors if committed by adults be fingerprinted and photographed?
SUMMARY: Any juvenile taken into custody upon probable cause that he has committed an offense which would be a misdemeanor if he were an adult may be fingerprinted and photographed. Any fingerprints and photographs so taken should be handled in accordance with s. 39.03(6)(a) and (b), F. S. Section 39.03(6), F. S., provides as follows: (6)(a) Any child taken into custody upon probable cause that he has committed an act which would be a felony if he were an adult shall be fingerprinted and photographed by the law enforcement agency taking said child into custody. Said fingerprints and photographs so taken shall be kept by the agency making such fingerprints and photographs in a separate file maintained by said agency for that specific purpose only. Such record shall not be a public record and shall not be subject to use by anyone other than officials of law enforcement agencies, the court, the child, the parents or legal custodians of the child, or their attorneys. However, the records of any child may, in the discretion of the court, be opened to inspection by anyone upon a showing of good cause. Said fingerprints and photographs so taken shall be retained in said separate file as a nonpublic record and produced in the court whenever directed by the court. If said child is not cited or referred to the court, if the child is found to be not delinquent, or if the child is adjudicated a delinquent for an offense that would be less than a felony under the criminal laws of this state if such child were an adult, then the court in its discretion may order all originals and copies of said fingerprints and photographs promptly destroyed. If said child is adjudicated a delinquent for an offense which would be a felony under the criminal laws of this state if such child were an adult, or in the absence of an order from the court ordering the fingerprints and photographs destroyed as hereinabove provided, then the law enforcement agency taking the said fingerprints and photographs shall retain the originals thereof. The law enforcement agency taking fingerprints and photographs pursuant to this subsection shall immediately thereafter forward adequate duplicate copies as required under this subsection to the court along with the written offense report relating to the matter for which the child was taken into custody. Except as otherwise provided by this subsection, the court, after adjudication of the case, shall forward duplicate copies of said fingerprints and
photographs, together with the child's name, address, date of birth, age, and sex, to the following agencies: 1. The Department of [Criminal] Law Enforcement; 2. The sheriff's department of the county in which the said law enforcement agency is located, in order to maintain a central juvenile identification file in each county; and 3. The law enforcement agencies of municipalities within their respective county having a population in excess of 50,000 persons. (b) All fingerprints and photographs taken pursuant to this subsection, including all duplicate copies thereof furnished pursuant to this subsection, shall be marked "Juvenile Confidential" and kept in a separate file by each law enforcement agency having possession thereof, and shall not be considered public records. Each such agency shall be subject to the same restrictions concerning the use of these fingerprints and photographs as enumerated herein for the Department of [Criminal] Law Enforcement. The Department of [Criminal] Law Enforcement shall use these fingerprints and photographs only for the purpose of making an identification. If an identification is made, the Department of [Criminal] Law Enforcement shall advise the forwarding law enforcement agency of this fact and of the name and last known address of the child whose photographs have been identified or whose fingerprints match the latent prints forwarded to the department. The technician of the Department of [Criminal] Law Enforcement who makes the identification shall be available for the purpose of giving testimony as to such identification. Fingerprints and photographs received pursuant to this subsection by the Department of [Criminal] Law Enforcement shall be kept until the child reaches his 21st birthday. At the end of such period they shall be destroyed. These fingerprints and photographs shall not be public records, and no copies shall be made available to any person or agency at any time, except as otherwise provided pursuant to this subsection or for good cause shown upon order of the juvenile court. (c) Nothing contained in this subsection shall prohibit the fingerprinting or photographing of child traffic violators. All records of child traffic violations shall be kept in the full name of the violator and shall be open to inspection and publication in the same manner as adult traffic violations. (d) Nothing contained in this subsection shall apply to photographing of children by the Department of Health and Rehabilitative Services. Thus, there is statutory authority for fingerprinting and photographing juveniles who commit felonies or traffic offenses, but no mention of juveniles who commit misdemeanors. By the same token, there is no statutory prohibition against fingerprinting or photographing juvenile misdemeanants. I am of the view that the authority to fingerprint and photograph offenders taken into custody upon probable cause inheres in the duties and powers of a peace officer. As stated in 80 C.J.S. Sheriffs and Constables s. 42, these duties include the obligation to investigate crimes and to use all means provided by law to accomplish these goals. The useful public purposes to be accomplished by fingerprinting and photographing offenders is well recognized in both Florida and federal case law, such as Gentille v. State, 190 So.2d 200 (3 D.C.A. Fla., 1966), and Schmerber v. California, 388 U.S. 263 (1967). In AGO 073-74, I concluded that municipal police officers had the power to fingerprint persons they arrest, despite the absence of express statutory authority, and I adhere to the reasoning of that opinion. Until substantially rewritten (by Ch. 69-113, Laws of Florida), s. 39.03(6), F. S., prohibited the fingerprinting or photographing of juvenile offenders except upon special order of the court or after adjudication of an act which would be a felony if committed by an adult, see Ch. 67-116, Laws of Florida. If there were no authority to fingerprint or photograph juveniles, the prohibition would have been unnecessary. When the Legislature removed the prohibition, the authority to fingerprint and photograph juvenile offenders necessarily returned, unless the current statute could somehow be said to demonstrate a contrary intent. It is difficult to ascribe any intent to the Legislature to protect juvenile misdemeanants when the statute authorizes juvenile traffic offenders to be fingerprinted and photographed. As a note of caution, I suggest that the procedure of s. 39.03(6)(a) and (b), F. S., as to storage, usage, dissemination, and destruction of such fingerprints and photographs should be strictly adhered to, even though it does not directly apply to juvenile misdemeanants.