DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**SELAH FOX,**
Appellee.

No. 4D21-2181

[February 16, 2022]

Appeal of nonfinal order from the County Court for the Seventeenth Judicial Circuit, Broward County; Ginger Lerner-Wren, Judge; L.T. Case No. 18-14204-MU-10A.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Elijah Giuliano, Assistant Public Defender, West Palm Beach, for appellee.

DAMOORGIAN, J.

The State of Florida appeals the county court's order granting Selah Fox's motion to suppress evidence related to her field sobriety exercises in the underlying prosecution for driving under the influence. For the reasons discussed below, we affirm.

In granting Fox's motion to suppress, the county court recognized that evidence relating to field sobriety exercises are non-testimonial in nature and therefore not subject to suppression based on the officer's failure to advise Fox of her *Miranda*[1] rights. Nonetheless, the county court granted the motion based on unfair prejudice. Specifically, pointing to evidence suggesting Fox was unable to perform the field sobriety exercises due to injuries she sustained in the accident, it concluded "the field sobriety exercises are more prejudicial than helpful in this particular case." The State did not object to the ruling or otherwise argue below that the county court applied the wrong test in granting the motion to suppress.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Here, while the county court did not explicitly reference section 90.403, Florida Statutes (2021), which provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice," it appears the court relied on that rule of evidence in granting the motion to suppress. This was clearly error as "[t]he only question before the court on a motion to suppress is the validity of the seizure. Objections that go to admissibility are to be present[ed] at the time the evidence is tendered." *State v. Brown*, 257 So. 2d 263, 264 (Fla. 3d DCA 1972) (internal citation omitted). Thus, the admissibility of the evidence relating to Fox's field sobriety exercises was irrelevant to the court's inquiry on the motion to suppress. *See id.*

Nevertheless, we are compelled to affirm in this case for lack of preservation. As noted above, the State did not object after the county court announced its ruling or file a motion for rehearing. Consequently, the county court was not placed on notice of the error or provided the opportunity to correct the error. *See Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978) (explaining that a properly preserved argument "places the trial judge on notice that error may have been committed, and provides [the judge] an opportunity to correct it at an early stage of the proceedings," while a lack of preservation produces "[d]elay and an unnecessary use of the appellate process"). As the State does not argue fundamental error on appeal, affirmance is required.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2